## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD SMEGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3235 |
| | ) | |
| GREGG SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This order also entered in related cases:

3:13-cv-03269-SEM-BGC
3:13-cv-03286-SEM-BGC
3:13-cv-03237-SEM-BGC
3:13-cv-03238-SEM-BGC
3:13-cv-03239-SEM-BGC
3:13-cv-03240-SEM-BGC
3:13-cv-03241-SEM-BGC
3:13-cv-03242-SEM-BGC
3:13-cv-03243-SEM-BGC
3:13-cv-03245-SEM-BGC
3:13-cv-03246-SEM-BGC
3:13-cv-03247-SEM-BGC
3:13-cv-03248-SEM-BGC
3:13-cv-03249-SEM-BGC
3:13-cv-03250-SEM-BGC
3:13-cv-03253-SEM-BGC
3:13-cv-03256-SEM-BGC
3:13-cv-03254-SEM-BGC
3:13-cv-03255-SEM-BGC
3:13-cv-03259-SEM-BGC
3:13-cv-03264-SEM-BGC
3:13-cv-03261-SEM-BGC
3:13-cv-03268-SEM-BGC

3:13-cv-03265-SEM-BGC
3:13-cv-03270-SEM-BGC
3:13-cv-03274-SEM-BGC
3:13-cv-03280-SEM-BGC
3:13-cv-03258-SEM-BGC
3:13-cv-03276-SEM-BGC
3:13-cv-03272-SEM-BGC
3:13-cv-03279-SEM-BGC
3:13-cv-03278-SEM-BGC
3:13-cv-03277-SEM-BGC
3:13-cv-03292-SEM-BGC

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Over thirty lawsuits are pending by detainees at the Rushville Treatment and Detention Center, alleging deliberate indifference to inhumane conditions during July and August of 2013. The compressor for the air conditioner on these detainees' living unit broke, leaving Plaintiffs to allegedly swelter in a closed, unventilated area for an extended period of time, with little or no ice, fans, ventilation, relocation, or other accommodations which might have eased the detainees' alleged suffering. Defendants cannot be liable if they took reasonable measures to address the problem. However, at this point, determinations of whether Defendants were deliberately indifferent would be premature.

The cases listed above will be consolidated for the purpose of service, except for Plaintiff Smego's case. Plaintiff Smego's allegations differ somewhat from the other cases. The other cases appear to all have identical complaints on file. Defendants will be served with only one of those complaints and shall treat the complaint served as stating the allegations in all the cases consolidated for service. Defendants will file an Answer in each case separately, but the Answer will be the same in each case except for the <u>Smego</u> case. The Court will decide later if the cases will be consolidated for other purposes, such as discovery.

Each Plaintiff should be aware that costs may be assessed against him if he loses this case. Fed. R. Civ. P. 54(d). Additionally, sanctions may be awarded if the Court determines that a Plaintiff's claims are factually frivolous. Fed. R. Civ. P. 11.

**IT IS ORDERED:**

1.    The cases listed above are consolidated for the purpose of service, except for <u>Smego v. Scott</u>, 13-CV-3235.

2.    Each case listed above is now in the process of service. Plaintiffs are advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants

notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.    The Court will attempt service on Defendants. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an order determining how these cases will proceed.

4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.   The Clerk is directed to enter this order in all of the above listed cases.

**11.   The Clerk shall assess a partial filing fee in the following cases:  13-3269, 13-3243, and 13-3276.  Failure to pay the partial filing fee will result in dismissal of this case, without prejudice.**

**12.   Plaintiffs' petitions to proceed in forma pauperis in the above listed cases are granted.**

**13.   Plaintiffs' motions for the Court to search for pro bono counsel are denied.**  This is a relatively simple claim.  Each Plaintiff has personal knowledge of the conditions he suffered, his efforts to obtain help, and the responses he received.  Each Plaintiff appears competent to proceed pro se in light of the simple nature of the claim.

**13.** The Clerk is directed to attempt service on the Defendants named in the consolidated cases pursuant to the standard procedures.   Only one complaint (13-3269) and one waiver of service will be sent to each Defendant, along with this order.  The waiver of service shall list all cases consolidated for the purpose of service.  Signature on the waiver shall constitute a waiver for all such consolidated cases.

**14.** The Clerk is directed to separately attempt service of the Complaint in **Smego v. Scott**, 13-CV-3235, pursuant to the standard procedures.

ENTERED:   2/20/2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
